GLADNEY, Judge.
This tort action seeks recovery of damages allegedly resulting from a motor scooter-automobile accident in which plaintiff’s 16 year old son, Barnett M. Per-menter, Jr., received severe personal injuries. Firemen’s Insurance Company of Newark, New Jersey, and its omnibus insured, Leo L. Holland, are named as defendants and have resisted petitioner’s demands, asserting Holland was free from negligence. Plaintiff has appealed from an adverse judgment.
In Shreveport on the afternoon of April 2, 1966 plaintiff’s son was driving his motor scooter west in the 4400 block of Tacoma Street and collided with the automobile being operated in reverse on the westbound travel lane by Holland, who was attempting to back the automobile into his driveway at 4412 Tacoma Street. It is alleged by plaintiff that the accident was due to the negligence of Holland in failing to maintain a proper lookout, by blocking the street, and in not yielding the right of way. After denying fault on the part of Holland, the defendants charge young Permenter with negligence in failing to maintain a proper lookout, in traveling at an excessive rate of speed, and in not keeping his motor scooter under control. Alternatively, defendants plead contributory negligence and invoke the last clear chance doctrine.
The issue of liability turns primarily on questions of fact concerning which testimony was given by Permenter, Mr. and Mrs. Holland, Floyd Jones and T. L. Ross. Holland lived in a sparsely settled suburb north of Shreveport on Tacoma Street, an east and west thoroughfare. Tacoma is paved to a width of from 25 to 30 feet and each of its shoulders are six feet wide. About midafternoon on the day of the accident after entering the intersection of Hawthorne and Tacoma Streets, Holland, *96 accompanied by his wife, turned left and drove westerly about 200 feet where he stopped a short distance past his mail box and driveway. It was his intention to back his car from this point into, his driveway. While engaged in this maneuver, and after his car had partially entered the driveway, the collision with the motor scooter occurred. Permenter testified that he had entered Tacoma from Nadine and in traveling west on Tacoma passed its intersection with Hawthorne; that he observed an automobile at this intersection and then saw Holland’s car stopped by the mail box where he thought it was parked, but when about 25 feet from the vehicle it began to back up; that he observed traffic approaching from the west which prevented him from moving around the Holland automobile and as a result he was forced to either head into the oncoming automobile or into Holland’s car. Holland and his wife testified that after stopping past the mail box he looked forward and backward but saw no close approaching traffic. After the car began to back up they heard a noise made by a rapidly approaching motor scooter and he immediately brought his car to a stop where it was struck by the motor scooter. Floyd Jones testified he was traveling easterly in his automobile towards the point of accident and when from 75 to 100 yards distant he saw the body of Permenter striking the pavement; that he was unable to see the actual collision and that he did not recall seeing another car in front of him. The testimony of Ross discloses that while stopped at the intersection of Hiawatha and Tacoma Streets, the motor scooter of Barnett Permenter, Jr. passed him traveling westward at a rate of speed of about 30 miles per hour after which he had commenced his turn into- the intersection when he heard the noise of the impact between the scooter and the automobile, and upon looking, he saw the body of Permenter fly across the hood of the Holland automobile.
The trial judge was of the opinion there was no other eastbound automobile closer to the scene of the accident than that of Floyd Jones’. In the absence of an oncoming vehicle blocking the eastbound traffic lane, had the motor scooter been operated under proper control it could have passed to the left or south side of the Holland car and the collision would have been averted. The judge ruled the evidence conclusively showed Permenter guilty of contributory negligence in that he was either driving his-motor scooter too fast or that he was careless in failing to observe that which he should have seen. He concluded that Holland was not negligent.
The record, in our opinion, fully supports the findings of the trial judge and we are of the opinion that manifest error is not disclosed.
Accordingly, the judgment from which appealed is affirmed at appellant’s cost.